UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL QUINONES,

               Plaintiff,

        -against-

SHAWNIQUE HUDSON,

               Defendant.

23-CV-1915 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Shawnique Hudson, who is a New Jersey resident appearing *pro se*, filed a notice of removal to remove to this Court an action that was pending in the Family Court of the State of New York, Queens County. *See Quinones v. Hudson*, Nos. V-02958-20; V-02959-20.[1] For the reasons set forth below, the action is remanded to the Family Court, Queens County.

**STANDARD OF REVIEW**

A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days

---

[1] The notice of removal was submitted without prepayment of the filing fee or an application to proceed *in forma pauperis*, that is, without prepayment of fees.

of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

**A.     Improper Forum**

A civil action may be removed only to the federal court embracing the place where the state action is pending. 28 U.S.C. § 1441(a). This state court matter was pending in Queens County, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Removal of the action to this district is therefore improper.

**B.     Lack of Subject Matter Jurisdiction**

Defendant argues that the Family Court matter "should be moved to Federal Court on the premise that all Constitutional Rights have been violated" in those state court proceedings. (ECF 1-1 at 1.) "[A] federal defense cannot serve as a basis for federal jurisdiction." *Int'l Tin Council v. Amalgamet Inc.*, 645 F. Supp. 879, 881 (S.D.N.Y. 1986); *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998) ("Removal is proper only if the federal question appears plainly on the face of a 'well-pleaded complaint.'"). Defendant thus does not satisfy her burden of demonstrating that the Court has federal question jurisdiction of this matter.

Defendant also does not satisfy her burden of demonstrating that the Court has diversity jurisdiction of this matter. Defendant provides an address for herself in New Jersey but does not plead facts about where all parties are domiciled. Moreover, the underlying matter appears to be one involving child custody. Defendant contends that the "State court withholds children from their only true and rightful parent." (ECF 1-1 at 1.) In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the Supreme Court recognized a domestic relations "exception" to Congress's grant of

diversity jurisdiction in 28 U.S.C. § 1332. This exception applies "only where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (relying on *Barber v. Barber*, 62 U.S. 582, 584 (1859)). This child custody matter falls squarely within the domestic relations exception to the Court's diversity jurisdiction.

Accordingly, because the notice of removal has both procedural and substantive defects, the action is remanded to the Family Court, Queens County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Family Court, Queens County. The Clerk of Court is directed to close this action. All pending matters are terminated.

SO ORDERED.

Dated:   March 13, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge